IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE ADAM GROUP, INC. OF MIDDLE TENNESSEE, d/b/a PLAYMAKER CRM, </br></br>Plaintiff, </br></br>vs. </br></br>DANIEL CHRISTOPHER TUNNELL, KEAGAN BROWN, ANNIE TUNNELL McDANIEL, and KARL DUMAS, </br>Defendants. | Case No.: 3:13-CV-00258 </br></br>Judge Sharp </br></br>Magistrate Judge Bryant </br></br>**JURY TRIAL DEMANDED** |

## INITIAL CASE MANAGEMENT ORDER

I. <u>Status of Service and Responsive Pleadings</u>

Defendants have each been served and have filed a motion to dismiss. Plaintiffs have filed an opposition to Defendants' motion to dismiss and Defendants have sought leave to file a reply in support of their motion to dismiss.

II. <u>Jurisdiction and Venue</u>

The parties agree that this Court has subject-matter jurisdiction on federal question and diversity grounds. Defendants contend that venue is improper in this case as it should have been filed as a compulsory counterclaim in related litigation. Plaintiff contends that Defendants have waived the defense of improper venue by failing to assert that defense in their Motion to Dismiss, pursuant to Fed. R. Civ. P. 12.

1

III. Parties' Theories of the Case

    *a. Plaintiff's Theory of the Case*

This case is brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). PlayMaker seeks damages and other relief pursuant to the provisions of 18 U.S.C. § 1964(c) based on the Defendants' violations of 18 U.S.C. §§ 1962(c) & (d).

RICO provides a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of Section 1962 of this chapter." 18 U. S. C. § 1964(c). Section 1962, in turn, prescribes four different categories of violations, in subsections (a) through (d), respectively. Two such categories of violations are applicable in this case.

First, Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."[1] Second, Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section." Section 1962(d) thus makes it unlawful for

---

[1] Hereinafter, for ease of reference, an enterprise to which the prohibitions of Section 1962(c) are applicable - i.e., an enterprise engaged in, or the activities of which affect, interstate commerce - will be referred to as an "interstate enterprise." An interstate enterprise whose affairs are conducted, or participated in, through a pattern of racketeering activity will be referred to as a "RICO enterprise."

persons to conspire, inter alia, to violate Section 1962(c)'s prohibition against persons employed by or associated with an interstate enterprise conducting, or participating in, the affairs of the enterprise through a pattern of racketeering activity.

Thus, a plaintiff can recover against defendants to the extent that it has been injured by reason of the defendants': (1) violation of Section 1962(c)'s prohibition against persons employed by an interstate enterprise conducting, or participating in the affairs of, the enterprise through a pattern of racketeering activity; and (2) conspiracy to have persons employed by an interstate enterprise conduct, or participate in, the affairs of the enterprise through a pattern of racketeering activity.

Civil RICO claims against the Defendants

In this lawsuit, PlayMaker alleges that each Defendant is liable to PlayMaker because PlayMaker was injured as a result of that respective Defendant: (1) while employed by Homecare CRM, LLC ("HCRM"), conducting HCRM's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c); and (2) conspiring to have persons employed by HCRM conduct, and participate in, the affairs of HCRM through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).

More specifically, PlayMaker contends that HCRM at all relevant times was an interstate enterprise, namely, a Georgia LLC which was engaged in interstate commerce and whose activities affected interstate commerce. Moreover, each Defendant was employed by HCRM in the specific capacities

3

alleged in paragraphs 2-5 of the Complaint, respectively. Accordingly, each Defendant violated: (1) Section 1962(c) to the extent that he or she conducted, or participated in, the affairs of HCRM through a pattern of racketeering activity; and (2) Section 1962(d) to the extent that he or she conspired with one or more other persons to have one or more persons employed by HCRM conduct, or participate in, the affairs of HCRM through a pattern of racketeering activity.

   1. <u>Defendants' violations of 18 U.S.C. § 1962(c)</u>.

PlayMaker contends that each Defendant violated Section 1962(c) by personally conducting or participating in HCRM's affairs through a pattern of racketeering activity, namely, at least two of the eight specific crimes alleged in paragraphs 109-146 of the Complaint (the "RICO Predicate Offenses"). Each of the RICO Predicate Offenses was carried out in furtherance of HCRM's business and was otherwise related to HCRM and its affairs. Moreover, the RICO Predicate Offenses, and indeed any two of them, constituted a pattern of racketeering activity because each such offense was related to all other RICO Predicate Offenses (as explained in paragraph 148 of the Complaint) and amounted to and posed a threat of continued criminal activity (as explained in Paragraph 149 of the Complaint).

In particular, PlayMaker contends that Defendant Tunnell conducted and participated directly and indirectly in the affairs of HCRM through racketeering activity that included all or almost all of the RICO Predicate Offenses, excluding at most only certain witness tampering in violation of 18

4

U.S.C. §§ 1512(b)(2)(A) & (B) as set forth in Paragraphs 141 through 146 of the Complaint.

PlayMaker contends that Defendant McDaniel conducted and participated directly and indirectly in the affairs of HCRM through racketeering activity that included several of the RICO Predicate Offenses, namely at least: wire fraud in violation of 18 U.S.C. § 1343, as set forth in Paragraphs 110 through 113 of the Complaint; wire fraud in violation of 18 U.S.C. § 1343, as set forth in Paragraphs 114 through 123 of the Complaint; identity theft in violation of 18 U.S.C. § 1028(a)(7), as set forth in Paragraphs 124 through 126 of the Complaint; aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), as set forth in Paragraphs 127 through 128 of the Complaint; interstate transmission of PlayMaker's stolen property in violation of 18 U.S.C. § 2314, as set forth in Paragraphs 129 through 132 of the Complaint; and interstate receipt of PlayMaker's stolen property in violation of 18 U.S.C. § 2315, as set forth in Paragraphs 133 through 134 of the Complaint.

PlayMaker contends that Defendant Dumas conducted and participated directly and indirectly in the affairs of HCRM through racketeering activity that included multiple RICO Predicate Offenses, namely at least: wire fraud in violation of 18 U.S.C. § 1343, as set forth in Paragraphs 110 through 113 of the Complaint; wire fraud in violation of 18 U.S.C. § 1343, as set forth in Paragraphs 114 through 123 of the Complaint; and certain witness tampering in violation of 18 U.S.C. §§ 1512(b)(2)(A) & (B), as set forth in Paragraphs 141 through 146 of the Complaint.

5

PlayMaker contends that Defendant Brown conducted and participated directly and indirectly in the affairs of HCRM through racketeering activity that included several of the RICO Predicate Offenses, namely at least: wire fraud in violation of 18 U.S.C. § 1343, as set forth in Paragraphs 110 through 113 of the Complaint; wire fraud in violation of 18 U.S.C. § 1343, as set forth in Paragraphs 114 through 123 of the Complaint; identity theft in violation of 18 U.S.C. § 1028(a)(7), as set forth in Paragraphs 124 through 126 of the Complaint; aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), as set forth in Paragraphs 127 through 128 of the Complaint; interstate transmission of PlayMaker's stolen property in violation of 18 U.S.C. § 2314, as set forth in Paragraphs 129 through 132 of the Complaint; and interstate receipt of PlayMaker's stolen property in violation of 18 U.S.C. § 2315, as set forth in Paragraphs 133 through 134 of the Complaint.

2. <u>Defendants' violations of 18 U.S.C. § 1962(d)</u>.

PlayMaker also contends that all Defendants violated Section 1962(d) by joining in a single conspiracy to conduct the affairs of HCRM through a pattern of racketeering activity. That is, each Defendant tacitly or expressly agreed with one or more co-defendants that Section 1962(c) would be violated in that persons employed by and associated with HCRM would conduct the affairs of HCRM through what amounts to a pattern of racketeering activity. Each Defendant did so by tacitly or expressly joining a common agreement with other Defendants that, among other things: (1) the affairs of HCRM would be conducted by HCRM employees through the commission of two or more acts

6

that each constituted racketeering activity as defined by 18 U.S.C. § 1961(1) ("racketeering acts") and which collectively constituted a pattern of racketeering activity; and (2) two or more racketeering acts would be committed by at least one conspirator.

In particular, each Defendant agreed with at least one other person (including at least one co-defendant) that one or more HCRM employees would conduct the affairs of HCRM through the commission of racketeering acts – including at least two of the RICO Predicate Offenses – that collectively constituted a pattern of racketeering activity. Each Defendant also agreed with at least one other person (including at least one co-defendant) that at least one conspirator would commit at least two racketeering acts, including at least two of the RICO Predicate Offenses.

3. <u>Playmaker's injury as a result of Defendants' violation of 18 §§ 1962(c) & (d)</u>.

As noted above, PlayMaker has a right of action against Defendants under 18 U.S.C. § 1964(c) if it was injured as a result of Defendants' violations of Section 1962(c) and/or Section 1962(d). This does not mean that the Plaintiff must show injury resulting from the (illegal) *conducting of the affairs* of the RICO enterprise that constituted the Section 1962(c) violation, or from the *conspiracy* to illegally conduct the affairs of the RICO enterprise that constituted the Section 1962(d) violation. Rather, as the U.S. Supreme Court has noted, to recover based on defendants' violations of either Section 1962(c) or Section 1962(d), a plaintiff must show injury resulting from *racketeering acts*

7

that formed the pattern of racketeering underlying the Section 1962(c) or Section 1962(d) violation. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497 (1985) (relating to Section 1962(c)); Beck v. Prupis, 529 U.S. 494, 507 (2000) (relating to Section 1962(d)).

In the present case, PlayMaker has been directly and proximately injured as a result of some or all of the RICO Predicate Offenses. Accordingly, PlayMaker is entitled to relief under Section 1964(c), including treble damages and a reasonable attorney's fee, in amounts to be proven at trial.

### b. Defendants' Theory of the Case

As a threshold matter, Defendants have pending a motion to dismiss, based upon two arguments: (1) that the claims are due to be dismissed because they are compulsory counterclaims in an action pending in the United States District Court for the Northern District of Georgia, styled Homecare CRM, LLC v. The Adam Group, Inc, et al., Civil Action No. 1:12:cv-01958 ("the Georgia Action"); and (2) that a RICO claim has not properly been alleged because there has been no allegation that the RICO persons who are defendants are separate, and not part of the "enterprise" pursuant to 18 U.S.C. §1962 (c). To the extent that the Defendants' argument that these claims are compulsory counterclaims in the Georgia Action, and therefore due to be dismissed, are arguments relating to this court's subject matter jurisdiction or venue, Defendants' theory of the case is that this court has no jurisdiction, and the venue for this action is improper.

8

Defendants deny each of the material allegations in the Complaint. More specifically, Defendants deny that they have: (a) committed any predicate acts necessary to prove RICO liability that have been alleged in the case; (b) Defendants deny that they are separate from HCRM, in terms of RICO analysis, or that, substantially, they participated in the affairs of HCRM through any pattern of wire fraud, 18 U.S.C. §1343; identity theft, 18 U.S.C. §1028; transmission of stolen property, 18 U.S.C. §2314; receipt of stolen property, 18 U.S.C. §2315; or witness tampering, 18 U.S.C. §1512.

Defendants contend that they have not conspired to conduct the affairs of HCRM through a pattern of racketeering activity, and that there has been no agreement, tacit or otherwise, to do so. Moreover, HCRM contends that PlayMaker can prove no damage or injury as a result of its action. Defendants contend that PlayMaker will not be able to show: (1) any lost revenue as the result of any action by Defendants; (2) any lost sales as the result of any actions by Defendants; or even (3) any lost business opportunity as the result of any actions by Defendants. In short, PlayMaker has not suffered any compensable damages as the result of any action by any Defendants.

IV. <u>Identification of the Issues</u>

The parties do not dispute personal jurisdiction or subject matter jurisdiction. All other matters remain in dispute.

V.  Counterclaims, Cross-Claims and Third Party Claims

The parties cannot anticipate at this time whether any counterclaims, cross-claims or third party claims will be filed.

VI. Initial Disclosures and Staging of Discovery

    a. *Rule 26(a)(1) Disclosures*: Initial Disclosures shall be served no later than fourteen days following the case management conference.

    b. *Close of Discovery:* All discovery will be completed no later than March 31, 2014. All written discovery shall be served no later than February 28, 2014.

    c. *Expert Discovery*: Expert witness disclosures under Federal Rules of Civil Procedure 26 will be made by Plaintiff no later than March 28, 2014, and by Defendants by April 28, 2014. Plaintiff shall disclose rebuttal expert witnesses, if any, by not later than May 12, 2014. All expert discovery, including but not limited to depositions, will be completed by June 13, 2014.

    d. *Electronic Discovery*: The Parties agree to attempt to enter into an agreement concerning the discovery of Electronically Stored Information ("ESI") within fourteen days after the case management conference. If no agreement is reached, the parties will request a conference on unresolved issues with the Court.

    e. *Discovery Disputes*: No motions related to discovery or for a protective order shall be filed until a discovery/protective order

dispute conference has taken place in a good faith effort to resolve the dispute.

VII. <u>Amendments to Pleadings</u>

The deadline for filing motions to amend the pleadings or add parties is December 29, 2013.

VIII. <u>Dispositive Motions</u>

Dispositive motions will be filed no later than August 1, 2014. Responses to dispositive motions shall be filed within 21 days after service. Briefs shall not exceed 20 pages without leave of Court. Optional replies, limited to five pages, shall be filed within fourteen days after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

IX. <u>Alternative Dispute Resolution</u>

On or before December 1, 2013 counsel and clients will discuss whether this case can be resolved without further discovery proceedings.

X. <u>Consent to trial before the Magistrate Judge</u>

The parties do not consent.

XI. <u>Subsequent Case Management Conferences.</u>

A telephone conference to discuss case progress is set for February 18, 2014, at 9:30 a.m. Counsel for plaintiff shall initiate this call.

XII. <u>Jury Trial Date.</u>

Jury trial is set to begin on December 9, 2014, at 9:00 a.m. A pretrial conference shall be held on November 17, 2014, at 1:30 p.m. before Judge Sharp.

Trial is expected to take ten (10) days.

11

It is SO ORDERED:

                *s/ John S. Bryant*
                John S. Bryant, U.S. Magistrate Judge

Respectfully submitted,

*/s/ Paige Waldrop Mills*
Eli J. Richardson
Paige Waldrop Mills
Joshua R. Denton
Bass, Berry & Sims PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
erichardson@bassberry.com
pmills@bassberry.com
jdenton@bassberry.com

*Attorneys for Plaintiff The Adam Group, Inc., d/b/a PlayMaker CRM*

_____

Brian M. Clark
Craig L. Lowell
WIGGINS CHILDS QUINN & PANTAZIS
The Kress Building
301 19th Street North
Birmingham, AL 35203

David M. Smythe
SMYTHE & HUFF
144 Second Avenue N.
The Pilcher Building
Suite 333
Nashville, TN 37201

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of May, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

> Brian M. Clark
> Craig L. Lowell
> WIGGINS CHILDS
> QUINN & PANTAZIS
> The Kress Building
> 301 19th Street North
> Birmingham, AL 35203
>
> David M. Smythe
> SMYTHE & HUFF
> 144 Second Avenue N.
> The Pilcher Building
> Suite 333
> Nashville, TN 37201
>
> *Attorneys for Defendants*

*/s/ Paige Waldrop Mills*